**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


EDMUND and RAEDEAN
YAZZIE,

        Plaintiffs,

vs.                                                  No. CIV 00-217M/LFG

AMIGO CHEVROLET, INC.
and AMERICREDIT FINANCIAL
SERVICES, INC.,

        Defendants.


## <u>MEMORANDUM OPINION AND ORDER</u>

This is an action pursuant to the Motor Vehicle Information and Cost Savings Act,

commonly known as the Odometer Act, 49 U.S.C. sec. 32701-32711. The case comes up at this

time on Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs allege that at the time they

purchased a truck from Defendant Amigo Chevrolet, Inc., Defendant intentionally withheld the

certificate of title in its possession and caused a new certificate to be issued in order to conceal the

truck's odometer reading and other information from the Plaintiffs. Plaintiffs contend that

uncontested facts establish these acts and omissions to violate federal law, that no genuine issues

preclude a judgment at this time against Defendant Amigo Chevrolet, Inc., and that Plaintiffs are

entitled to judgment as a matter of law.

I agree that Defendant Amigo Chevrolet, Inc. has violated the Odometer Act with an

intent to defraud, and therefore, I grant judgment in favor of Plaintiffs against Defendant Amigo Chevrolet, Inc.

<u>Uncontested Facts</u>

Defendant Amigo Chevrolet, Inc. (Amigo), a New Mexico corporation, is a licensed car dealership regularly buying and selling motor vehicles. Amigo has operated a new and used car business in Gallup, New Mexico, a municipality immediately proximate to the Navajo reservation, for approximately 18 consecutive years.

On September 8, 1997,  in a trade transaction with Earl Shurley, a Gallup resident, Amigo acquired a 1994 Chevrolet "dually" truck. Shurley had originally purchased the truck from Amigo, and on September 8, when he transferred the truck back to Amigo, Shurley provided Amigo with a signed and valid certificate of title with completed odometer information.

Soon after, on September 27, in its regular course of business, Amigo sold the 1994 "dually" truck acquired from Shurley to Plaintiffs Edmund and Raedean Yazzie. Edmund Yazzie had specifically requested a truck that had not been driven locally on the rough roads of the Navajo reservation. When Yazzie asked about the "dually" truck, Amigo responded, even though at the time it held a certificate of title signed by Shurley, that the truck has been acquired in Phoenix, Arizona. Amigo failed to tell Plaintiff either that it held a title certificate signed by a Gallup resident or that the truck had originally been purchased from Amigo at its Gallup location. In knowingly concealing material facts from the Plaintiffs, Amigo not only misrepresented the history of the "dually" truck, but also acted intentionally to deceive the Plaintiffs.

 Afterward, during sale transactions between Plaintiffs and Amigo, Amigo continued to withhold the truck's title certificate and instructed Plaintiffs to sign a power of attorney form

which would allow Amigo to transfer the truck to Plaintiffs without a certificate of title and to

obtain a new title certificate from the State of New Mexico. Again, Amigo acted intentionally to

conceal the true facts and to deceive the Plaintiffs. Amigo did not at any time reveal its receipt of

a signed certificate of title from Earl Shurley; Plaintiffs learned of it several years later.

      Defendant Amigo does not contest the facts presented by Plaintiffs, but contends they are

too few. Defendant maintains that Plaintiffs present neither evidence of an intent to defraud nor

evidence of a violation of the Odometer Act. Defendant also argues that Plaintiffs were informed

of an accurate odometer reading, and therefore not deceived. However, Plaintiffs do not claim a

distortion of odometer information, but rather a failure to comply with the Odometer Act's

requirements directing how an odometer reading is to be provided. In this regard, at a time when

Defendant should have been well aware of the Odometer Act, its regulations and their demands,

Defendant failed completely to comply with the law.

      Defendant errs in its contention that the Odometer Act and its legislative history leave

open to question "whether transferees are required to physically see the title of the vehicle they

are purchasing to satisfy the Act's disclosure requirements." Defendant's argument is frivolous.

The Odometer Act states that "The regulations prescribed by the Secretary [of Transportation]

shall provide the way in which information is disclosed and retained under this section." 49 U.S.C.

sec. 32705(a)(4). The Secretary's regulations direct that when transferring a motor vehicle from

one owner to another, the original certificate of title is to serve as the means of relaying odometer

information. 49 C.F.R. section 580.5. Withholding a valid title certificate signed by an owner-

transferor with personal information as to the accuracy of the odometer statement and substituting

some other document to report odometer information is permitted only when odometer

information is unknown or the issuance of a new certificate of title or a secondary document is *necessary*. 49 C.F.R.sec.580.5(c); sec.580.5(g). Further, use of a power of attorney to convey odometer information complies with the Act in only two circumstances. A power of attorney may be used only (a) when "the transferor's title is physically held by a lienholder," or (b) "if the transferor to whom the title was issued by the State has lost his title and the transferee obtains a duplicate title on behalf of the transferor . . . ." 49 C.F.R. sec.580.13(a). These provisions obviously intend to protect the accuracy and consistency of the information and to foreclose the possibility that odometer information is altered intentionally or negligently when title is transferred. It makes no sense to require that an accurate odometer reading be included on every certificate of title before a transfer can take place and to limit very strictly when and what alternatives may be employed to transfer odometer information, but at the same time, allow a transferor to withhold a valid certificate of title containing odometer information, not at any time permitting a new buyer to see the disclosures contained there.

Additionally, Defendants argue that the intent of the Motor Vehicle Information and Cost Savings Act is merely to prohibit tampering with odometers and to protect purchasers in the event an odometer reading has been altered for purposes of sale. While this is correct, the Act's regulations specifically require that a certificate of title signed by the transferor be the primary means of providing odometer information to a transferee and definitely restrict how a dealer in motor vehicles is to convey odometer information. 49 C.F.R.sec 580.5(c); sec.580.5(g). By reason of these regulations, a dealer is not in compliance with the Act if substituting its own procedures, and Department of Transportation regulations do not allow withholding a signed and valid title which includes an odometer statement and replacing it with a power of attorney at the

4

option of a dealer. Id.; 49 C.F.R. sec. 580.13(a). The enforcement scheme of both the statute and the regulations is obviously intended to insure the accuracy and consistency of the information transferred, as well as to provide a means of oversight and execution. Thus, use of the title certificate and not whatever document or process Defendant may select is a mandatory course of compliance; and suppling a purchaser or transferee of a motor vehicle with *any* kind of a written statement of an odometer's reading, regardless of its accuracy, does not constitute compliance.

Therefore, Defendant departs from required procedures, and the inferences raised by unnecessary and unsanctioned departures are clear. Where there was no reason, factually or legally, to cause a new certificate of title to be issued or to refuse to provide Plaintiffs with the valid title certificate in its possession, reasonable inferences evidence Amigo's knowing and intentional disregard of the Odometer Act for its own purposes--to deceive Plaintiffs with regard to a material fact. Amigo sought to conceal from the Plaintiffs not the number of miles the truck had been driven, but the location of the miles driven and the verification of the odometer's reading by Amigo's transferor. Despite the eventual transfer of accurate odometer mileage to the Plaintiffs, this is enough to constitute an intent to defraud and a violation of the Odometer Act.

Defendant's acts need only be in reckless disregard of the law, the truth and the Plaintiffs' rights. Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275, 1281 (10th Cir.1998). Clearly, in this instance, Defendant did not care what the law required and intentionally manipulated title procedures both to mislead Plaintiffs and to serve its own ends. As an experienced motor vehicle dealer, Amigo knew or should have known of the Odometer Act and its regulatory requirements with regard to disclosure and retention of odometer information. Nevertheless, Amigo withheld a signed and valid certificate of title from purchasers of a motor vehicle, and afterward, retained no

record of the original title provided it by its transferor. In so doing, Amigo actually deceived. Plaintiffs did not know of the certificate of title signed by Shurley until years later. Whether or not the truck had actually been driven on the rough roads of the Navajo reservation, had Plaintiffs known the truck had been used locally, it is unlikely they would have expressed any interest, much less purchased the vehicle from Defendant. More importantly, Defendant knew or should have known the law and recklessly disregarded what the law required.

Conclusions of Law

1. Jurisdiction in this case is conferred by the Motor Vehicle Information and Cost Savings Act at 49 U.S.C. sec. 32710.

2. Defendant Amigo Chevrolet, Inc. is a dealer within the meaning of 49 U.S.C. sec. 32701(2) and a transferor within the meaning of 49 C.F.R. sec.580.3.

3. The Motor Vehicle Information and Cost Savings Act (the Act) is "obviously remedial in nature, and should be broadly construed to effectuate its purposes." Ryan v. Edwards, 592 F.2d 756, 759 (4th Cir.1979). "Both the language of the statute and its history show that it has one purpose: to enable the purchaser of a motor vehicle to know how many miles the vehicle has traveled, as a guide to its safety, reliability and value." Id.

4. When a consumer is presented by a transferor with an odometer statement, the Act intends that a consumer not be "misled by the form itself." Id.

5. In circumstances such as those presented by this case, not only the number of miles, but also the probable location of the miles driven is material to the reliability and value of the motor vehicle, and the Act intends that a transferor be responsible to state accurately all matters material to the reliability and value of the motor vehicle being transferred. Id. It is not logical to "believe

6

that Congress intended to enact a statute requiring that consumers be given false or misleading information." Id.

6. The Act requires every person transferring ownership of a motor vehicle to provide an accurate, written disclosure of the odometer reading or, if the transferor knows the odometer reading is incorrect, a written disclosure that the actual mileage is unknown. 49 U.S.C. sec. 32705(a)(1); Suiter v. Mitchell Motor Coach Sales, Inc., supra at 1280.

7. "The Act further provides that regulations prescribed by the Secretary of Transportation ('Secretary') shall provide the 'way in which information is disclosed and retained.'" Id. at 1280; 49 U.S.C. sec.32705(a)(4).

8. Regulations implementing the Odometer Act expressly intend that certificates of title serve as the primary means of disclosing information to purchasers of motor vehicles; and except in very limited circumstances, these regulations require that an original certificate of title signed by the transferor be utilized as the sole means of providing odometer information. 49 C.F.R. sec. 580.5.

9. In the circumstances of this case, compliance with the Motor Vehicle Information and Cost Savings Act required Defendants not only to provide accurate odometer information to the Plaintiffs, but also to provide it as directed by Department of Transportation regulations and by conveying to Plaintiffs the signed certificate of title in Defendant's possession. Id.; 49 C.F.R. sec. 580.13.

10. The failure of Defendant Amigo Chevrolet, Inc. to allow Plaintiffs an opportunity to examine the title certificate for the truck purchased and the instruction to Plaintiffs to sign a power of attorney to obtain a new title certificate, as if none existed, constitute an "intent to

defraud" within the meaning of the Motor Vehicle Information and Cost Savings Act.

11. Because Defendant Amigo Chevrolet, Inc. had no factual justification or legal reason for substituting the certificate of title provided it by its transferor Earl Shurley with a new title certificate, Defendant's conduct exhibits a reckless disregard for the truth and the rights of the Plaintiffs; and Defendant's recklessness is sufficient to satisfy the Odometer Act's requirement of an intention to defraud. Suiter v. Mitchell Motor Coach Sales, Inc., supra at 1281.

12. "Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." Id. In this case, however, as regarding an intent to deceive "the evidence and the inferences to be drawn from it are so clear that reasonable minds could not differ on the conclusion." Id., quoting McKenzie v. Renberg's Inc., 94 F.3d 1478, 1483 (10th Cir.1996), cert. denied 520 U.S. 1186 (1997).

13. The knowing, unnecessary and intentional substitution of a new title certificate for one which was complete and signed by the transferor constitutes a violation of the Motor Vehicle Information and Cost Savings Act.  49 U.S.C. sec. 32705(a)(2); 49 C.F.R. sec. 580.13.

14. The only reasonable inferences raised by Defendant's failure to provide Plaintiffs the original certificate of title in its possession or to retain records of the transaction with Shurley is that (a) Defendant recklessly disregarded Plaintiffs' rights pursuant to the Motor Vehicle Information and Cost Savings Act; (b) Defendant recklessly disregarded what the law required; and (c) Defendant intended to deceive Plaintiffs both with regard to the existence of an original title and the true history of the vehicle Plaintiffs were purchasing.

15. Defendant Amigo Chevrolet, Inc. also violates the Motor Vehicle Information and Cost Savings Act in failing to retain records of the odometer disclosure statement and certificate of title provided it by Earl Shurley. 49 C.F.R. sec. 580.8(a).

16. Retention of records is a vital part of the enforcement scheme authorized by the Motor Vehicle Information and Cost Savings Act and implemented by Department of Transportation regulations. 53 Fed. Reg. 29,464 (Aug. 5, 1988).

17. In order to prevail in an action pursuant to the Motor Vehicle Information and Cost Savings Act, Plaintiffs need not prove that Defendant Amigo Chevrolet, Inc. tampered with the odometer of the vehicle sold, but only that Defendant failed to comply with the Act's disclosure and enforcement requirements.

18. Plaintiffs satisfy their legal burden to establish Defendant Amigo's intention to defraud, the facts which establish Defendant's intent to defraud are uncontested, and Plaintiffs are entitled to judgment as a matter of law. See: Haynes v. Manning, 917 F.2d 450, 453 (10th Cir.1990); Suiter v. Mitchell Motor Coach Sales, Inc., supra at 1282.

19. By uncontested facts Plaintiffs demonstrate that Defendant Amigo's conduct also violates the New Mexico Unfair Practices Act. State ex rel. Stratton v. Gurley Motor Co., 105 N.M. 803, 808, 737 P.2d 1180 (Ct.App.1987).

20. Defendant's argument that even though it misrepresented the truck's history, the evidence indicates the truck was not driven on the Navajo reservation goes to the damages Plaintiffs' have suffered as a result of Defendant's misrepresentations, and not to absolving Defendant of liability for knowingly misstating the facts. Id.

9

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is granted. A Judgment against Defendant Amigo Chevrolet, Inc. on all of Plaintiffs' claims is issued separately.

_____

SENIOR UNITED STATES JUDGE